UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KWESI BONAPART,

                              **Plaintiff,**

  vs.                                                  1:25-cv-00717
                                                                   (MAD/TWD)

**CITY OF TROY**
**POLICE DEPARTMENT,**
**NATHANIEL CASEY,**
**MARK ADAMO,**
**BRANDON CIPPERLY,**
**MICHAEL PATERNO,**
**KARRIE HOOVER,**
**RYAN KENNEDY, and**
**MR. LANE,**

                              **Defendants.**
_____

APPEARANCES:                               OF COUNSEL:

KWESI BONAPART
24-B-4386
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, an individual currently incarcerated at the Mohawk Correctional Facility in Rome, New York, commenced this action *pro se* on May 2, 2025, in the U.S. District Court for the Western District of New York. Dkt. No. 1. The case was administratively terminated shortly thereafter. Dkt. Nos. 2, 3. The case was reopened later that month after Plaintiff filed an

1

application to proceed *in forma pauperis* ("IFP"), Dkt. No. 4, and the case was transferred to this District, Dkt. Nos. 6, 7. Following the case's transfer, the action was administratively terminated because Plaintiff's IFP application was incomplete and he failed to pay the filing fee. Dkt. No. 8. This Court reopened the case in August 2025 after Plaintiff filed a new IFP application. Dkt. Nos. 11-13.

On October 21, 2025, Magistrate Judge Thérèse Wiley-Dancks issued a Report-Recommendation and Order granting the IFP application and recommending dismissal of Plaintiff's complaint with leave to amend. Dkt. No. 14. Before this Court issued any decision on the Report-Recommendation and Order, Plaintiff filed an amended complaint. Dkt. No. 17. Plaintiff did not file any objections to the Report-Recommendation and Order. For the reasons discussed below, the Court adopts Magistrate Judge Dancks's Report-Recommendation and Order, and dismisses Plaintiff's amended complaint without prejudice.

## II. BACKGROUND

By way of a fillable form provided by the Western District, Plaintiff's original complaint names eight Defendants: (1) the police department of the City of Troy, New York; (2) Nathaniel Casey, a Troy Police Department evidence technician; (3) Mark Adamo, a Troy Police Department video clerk; (4) Brandon Cipperly, a Troy Police Department "detective sergeant"; (5) Michael Paterno, a Troy Police Department evidence technician; (6) Karrie Hoover, a Troy Police Department detective; (7) Ryan Kennedy, a New York State Police investigator; and (8) an individual referred to as "Mr. Lane," a prosecutor apparently affiliated with the Rensselaer County District Attorney's Office. Dkt. No. 1. Plaintiff indicated intent to sue each Defendant for violation of his civil rights under 42 U.S.C. § 1983, and named all Defendants (including the police department) in their individual and official capacities. *Id.*

Because Magistrate Judge Dancks's Report-Recommendation and Order quotes Plaintiff's "statement of claim" in full, the parties are referred to the Report-Recommendation and Order for a complete recitation of the facts. *See* Dkt. No. 14 at 3. In summary, Plaintiff challenges an indictment returned against him by a Rensselaer County grand jury in December 2023. Dkt. No. 1 at 6. The crux of his claim is that "[t]he prosecution failed to properly instruct" the grand jury on the applicable law and failed to adduce enough evidence "to establish that [he] possessed a gun, shot a gun, and/or caused the injuries at issue in the instant indictment." *Id.* The complaint specifies "actual mailice" [sic] and the Fourth Amendment to the U.S. Constitution as the federal rights that Defendants allegedly violated. *Id.* at 3.

Magistrate Judge Dancks recommended dismissal of the original complaint, without prejudice, for failing to meet the applicable pleading standard. Dkt. No. 14 at 7-8. Even under a liberal construction, Magistrate Judge Dancks found that "Plaintiff's complaint lacks a short and plain statement showing Plaintiff is entitled to relief . . . . Furthermore, the pleading entirely fails to specify *how* the defendants violated Plaintiff's constitutional rights." *Id.* at 7. She also pointed out that Plaintiff should have organized his factual allegations in numbered paragraphs, and that Plaintiff's "statement of claim" does not mention any of the eight Defendants by name. *Id.* Ultimately, she concluded that the complaint "entirely fails to provide the defendants with notice of the claims against them . . . ." *Id.* at 7.

In his amended complaint—prematurely filed after Magistrate Judge Dancks issued her Report-Recommendation and Order, but before this Court issued any decision—Plaintiff reiterates many of the same factual allegations. He appears to use a prisoner's amended complaint form attached to a 2020 decision from the U.S. District Court for the Southern District of New York. Dkt. No. 17; *see also Joseph v. Annucci*, No. 18-cv-7197, 2020 WL 409744 (S.D.N.Y. Jan.

3

23, 2020). Although the amended complaint uses two numbered paragraphs and identifies Defendant Lane by name, the factual allegations changed minimally. Dkt. No. 17 at 4. The allegations read:

> 1. On the date of Dec. 15 2023 A.D.A. Mr. Lane the prosecuter failed to properly instruct the Grand Jury concerning the law applicable to the instant matter. A. Presumption of innocence, B. The burden of proof, C. Circumstantial evidence, D. Corroboration of statements and/or admissions, E. Lesser included offenses.
> 2. Additionally, and more precisely, the evidence presented to the Grand Jury was legally sufficient [sic] to establish that I commited any offense whatsoever. A. Troy PD are municipally liable for not developing, implementing or enforcing police procedures intended to minimize the arrest of innocent persons, failing to conduct a good faith investigation of the incident and similar police operations and failing to discipline employees accordingly.

*Id.* Moreover, the amended complaint only names the Troy Police Department and Mr. Lane as defendants. Dkt. No. 17.

### III. DISCUSSION

**A.    Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After

the appropriate review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Additionally, federal courts must assess *pro se* litigants' pleadings under a more lenient standard than attorney-drafted pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants' filings should "'be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court must construe Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

Finally, as Magistrate Judge Dancks summarized in the Report-Recommendation and Order, the Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Dkt. No. 14 at 6 (quoting Fed. R. Civ. P. 8(a)(2)). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" generally does not meet the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). To this end, the Court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Iqbal*, 556 U.S. at 678 (citation omitted).

Relatedly, although "the filing of an amended [c]omplaint supersedes a plaintiff's original complaint in all respects," *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (citations omitted), it "does not moot a pending report-recommendation that identifies pleading defects in the original complaint when those defects remain in the . . . amended complaint," *id.* at 389. Regardless, "a district court retains the authority—and indeed the duty—to *sua sponte* review the pleading sufficiency of th[e] amended complaint." *Id.*

B.  **Sufficiency of Plaintiff's Complaint and Amended Complaint**

As a threshold matter, because the pleading deficiencies that Magistrate Judge Dancks identified in the initial complaint persist in the amended complaint, the Report-Recommendation and Order is not moot. Also, because Plaintiff filed no objections to the Report-Recommendation and Order, clear error is the proper standard of review. As discussed, Magistrate Judge Dancks pointed out Plaintiff's failure to plead facts sufficiently specific to put each Defendant on notice of the claims against them. Dkt. No. 14 at 7. Because the initial complaint broadly alleges the prosecution's failure to instruct the grand jury on the applicable law and to adduce enough evidence of Plaintiff's alleged criminal conduct—without any articulable facts to show *how* those actions violated Plaintiff's constitutional rights—the Court finds no clear error in Magistrate Judge Dancks's Report-Recommendation and Order.

Turning to the amended complaint, Plaintiff similarly fails to allege appropriate facts to satisfy the pleading standard. For example, even though the amended complaint references Defendant Lane by name and states the date of the alleged violation, the pleading offers no additional factual specificity as to *how* the alleged failure to properly instruct the grand jury violated Plaintiff's constitutional rights. Dkt. No. 17 at 4. Rather, the first numbered paragraph of the amended complaint appears to list a series of legal concepts. *Id.* Even if these concepts are

6

related to the crime for which Plaintiff was indicted, they offer no further factual support for the civil rights claim at bar. Furthermore, applying a liberal construction, the Court recognizes that the second numbered paragraph attempts to clarify the alleged legal insufficiency of the evidence used to indict Plaintiff. *Id.* However, the second paragraph suffers from the same problems as the first. Rather than elaborate on *why* the evidence, and the way prosecutors did or did not present it, violated Plaintiff's constitutional rights, the paragraph lists several sweeping reasons why Plaintiff believes the City of Troy is municipally liable. *Id.* Although Plaintiff broadly alleges procedural shortcomings, failure to discipline officers, and other potential grounds for a civil rights claim, the amended complaint does not provide any factual detail underlying those purported wrongdoings or linking them to a cognizable constitutional violation. The amended complaint also contains no mention of the Fourth Amendment or any other allegedly violated right. Rather, Plaintiff simply checked a box marked, "Violation of my federal constitutional rights." *Id.* at 2.

    As pled, the amended complaint fails to meet the pleading standard set out in the Federal Rules of Civil Procedure. However, "[o]rdinarily, a court should not dismiss a complaint filed by a *pro se* litigant without 'granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cleary v. Strauss*, No. 3:16-cv-01315, 2017 WL 752170, *2 (N.D.N.Y. Feb. 27, 2017) (quoting *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). Because Plaintiff "could conceivably amend his filings to state a cognizable cause of action" by articulating the *specific* facts and legal rights underlying his claim, the Court grants Plaintiff one additional opportunity to amend his complaint in accordance

with this Memorandum-Decision and Order. *Cleary*, 2017 WL 752170, at *2; *see also Colon v. Pierce*, No. 5:25-CV-94, 2025 WL 1107257, *3 (N.D.N.Y. Apr. 15, 2025).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Report-Recommendation and Order (Dkt. No. 14) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 17) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff may file another amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order, and should Plaintiff file another amended complaint, the Clerk of the Court shall return this case to Magistrate Judge Dancks for review; and the Court further

**ORDERS** that, if Plaintiff fails to file another amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 9, 2025
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge